UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHERINE KOLCZYNSKI,
          Plaintiff,

-vs-                                                  Case No. 6:04-cv-716-Orl-18KRS

UNITED SPACE ALLIANCE, LLC,
LOCKHEED MARTIN CORPORATION,
THE BOEING COMPANY,
          Defendants.

## ORDER

THIS CAUSE comes before the Court upon motions for summary judgment by Defendants Lockheed Martin Corporation (Doc. 19, filed September 10, 2004) and The Boeing Company (Doc. 20, filed September 10, 2004). Plaintiff Catherine Kolczynski ("Plaintiff" or "Kolczynski") did not file a response in opposition to these motions. Plaintiff brings this action against her former employer United Space Alliance, LLC ("USA"), and against Lockheed Martin Corporation ("Lockheed Martin") and The Boeing Company ("Boeing"), the parent companies of USA (collectively, "Defendants"). Plaintiff asserts a total of six counts under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983"), as well as state law claims under the torts of negligent supervision and negligent training. The Court grants the motions for summary judgment by Lockheed Martin and Boeing.[1]

---

[1] Defendant USA has also filed a motion for summary judgment (Doc. 32, filed July 1, 2005), to which Plaintiff has filed a response (Doc. 36, filed July 29, 2005). The Court does not address USA's motion at this time.

## I. BACKGROUND

Plaintiff, a white female, was employed as a planner with Defendant USA in the Production Control Department of the Solid Rocket Boosters ("SRB") Element at Kennedy Space Center ("KSC") in Florida. Specifically, Plaintiff worked in the Assembly and Refurbishment Facility ("ARF"). From October 1999 until her resignation, Plaintiff's direct supervisor in Production Control was Kenneth Way ("Way"), Manager of Production Control. Way oversaw all of Production Control, including the ARF and another facility in Production Control, Hangar AF.

Defendant USA is a limited liability company formed under the laws of the state of Delaware, with its principal place of business in Texas, and is equally owned by Lockheed Martin and Boeing (50% each). USA is responsible for the general business policy, management, and supervision of its own day-to-day operations. As a result, USA has sole responsibility for establishing all policies as it relates to USA employees such as Plaintiff, including hiring and dismissal, wages and benefits, work assignments and schedules, and disciplinary actions. The only employment decisions in which Lockheed Martin and Boeing are involved are the hiring and dismissal of USA's top executives, namely the CEO, Executive Vice President/Chief Operating Officer, Chief Financial Officer, and Controller, as well as the approval of USA's chief legal officer. Plaintiff did not hold any of these positions during her employment period with USA.

On December 17, 2003, Way informed Plaintiff that she was to be transferred to Hangar AF. Plaintiff expressed her objections to the transfer because Hangar AF was farther

away from KSC's day care facility, where her newborn daughter would soon be in child care. Plaintiff had been scheduled to go on vacation for the holiday season beginning December 18, 2003. Following her meeting with Way, she requested and was granted vacation beginning one day early, on December 17, 2003. On December 23, 2003, Plaintiff emailed Carol Gerlach ("Gerlach), a USA Employee Relationships representative, asking Gerlach to contact her. Gerlach, due to the death of her father, did not respond to the email until January 5, 2004. Upon hearing of Plaintiff's complaints of the assignment to Hangar AF and that Plaintiff would be filing a charge with the United States Equal Employment Opportunity Commission ("EEOC"), Gerlach attempted to schedule a meeting in person with Plaintiff on January 12, 2004. On January 14, 2004, without attending a meeting with Gerlach regarding her transfer, Plaintiff emailed Gerlach as notification that Plaintiff was resigning from her employment with USA. Plaintiff subsequently filed charges with the EEOC, asserting claims of sex/pregnancy discrimination, retaliation, and hostile work environment based on sex and pregnancy. She received a notice on April 20, 2004 of a right to sue from the EEOC. Plaintiff filed her Complaint against Defendants on May 24, 2004.

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp.

2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on his pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

*B. Lockheed Martin and Boeing are Not Employers of Plaintiff for Title VII Claims*

Plaintiff has six claims in which she names Lockheed Martin and Boeing as Defendants. Each of these six claims is based entirely on events that occurred as a result of her employment with USA, not based on any employment relationship with either Lockheed

Martin or Boeing. In bringing suit against both Lockheed Martin and Boeing, Plaintiff claims that each company is a 50% co-owner of USA (her true employer) and that each parent company "failed to implement measures to prevent such discrimination after numerous complaints by the Plaintiff to Defendant USA Human Resource Department." Complaint ¶¶ 37, 48, 54, 59, 67, & 74.

Plaintiff brings Counts I, II and IV of the Complaint under Title VII, alleging disparate treatment, retaliation, and hostile work environment, respectively. Both the language and the history of Title VII show that the purpose of the statute is for the prevention of "unlawful employment practice"—a prerequisite of which is an employer-employee relationship. 42 U.S.C. § 2000e-2; see also Llampallas v. Mini-Circuits, Inc., 163 F.3d 1236, 1243 (11th Cir. 1998) ("Congress intended to limit the scope of [Title VII] to specific employment relationships; thus, the statute provides relief only against 'employers' as defined under the statute."). Because Plaintiff has not produced any evidence that could lead this Court to believe that she was in an employer-employee relationship with either Lockheed Martin or Boeing, she cannot prevail on any of her Title VII claims.

In determining whether or not there is an employment relationship, the Eleventh Circuit instructs district courts to apply common-law principles of agency. See Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1234 (11th Cir. 2004) ("Under this test, the term 'employee' is 'construed in light of general common law concepts' and 'should take into account the economic realities of the situation,' 'viewed in light of the common law principles of agency and the right of the employer to control the employee.'") (quoting Cobb

v. Sun Papers, Inc., 673 F.2d 337, 340-41 (11th Cir. 1982)). Specifically, it is "the right of the employer to control the employee that [is] determinative." Cobb, 673 F.2d at 341. Other factors include "the authority to hire, transfer, promote, discipline or discharge; the authority to establish work schedules or direct work assignments; [and] the obligation to pay or the duty to train the charging party." Lyes v. City of Riviera Beach, 166 F.3d 1332, 1345 (11th Cir. 1999) (citation omitted).

After reviewing the Plaintiff's relationship with both Lockheed Martin and Boeing in light of the common law principles of agency, particularly those mentioned above, it is clear that no employer-employee relationship existed. Plaintiff's entire Complaint rests upon allegations made against USA, not against either Lockheed Martin or Boeing. Although Plaintiff states that Lockheed Martin and Boeing "failed to implement measures to prevent such discrimination," this is a conclusory allegation as Plaintiff provides no factual support for the allegation. Plaintiff was not hired by either Lockheed Martin or Boeing. (Doc. 19 at 10-11; Doc. 20 at 10-11.) See Lyes, 166 F.3d at 1345. Plaintiff received no compensation from either Lockheed Martin or Boeing. (Doc. 19 at 10-11; Doc. 20 at 11.) See Llampallas, 163 F.3d at 1243 ("We believe, however, that only individuals who receive compensation from an employer can be deemed 'employees' under the statute."). Neither Lockheed Martin nor Boeing had any say in Plaintiff's job responsibilities, advancement, discipline, or any other facet of Plaintiff's employment. (Doc. 19 at 11; Doc. 20 at 11.) See Lyes, 166 F.3d at 1345. All potentially-related aspects of Plaintiff's employment were directly controlled and authorized by Defendant USA. (Doc. 19 at 12; Doc. 20 at 12.) See Cobb, 673 F.2d at 341.

There are two other possibilities that this Court may consider with respect to whether Lockheed Martin or Boeing qualify as Plaintiff's employers. The first is the "joint employer" test, where two companies contract with each other for the performance of a task, with one company retaining control over the other's employees. See Lyes, 166 F.3d at 1341; Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1359-60 (11th Cir. 1994). There is no indication that Lockheed Martin or Boeing contracted with USA for any task, nor that either Lockheed Martin or Boeing retained control over the employees of USA. Therefore, the "joint employer" test fails outright.

The second possibility is the "single employer" or "integrated enterprise" test. This is where "two ostensibly separate entities are 'highly integrated with respect to ownership and operations,'" and therefore may be counted as one entity under a Title VII claim. Lyes, 166 F.3d at 1341 (quoting McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 933 (11th Cir. 1987) (citation omitted). The test used to determine whether two companies should be treated as a single employer in this manner was set forth by the National Labor Relations Board, and first used by the Supreme Court in a labor relations context. See Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc., 380 U.S. 255, 256 (1965). Under this "NLRB test," a court considers four factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Lyes, 166 F.3d at 1341; McKenzie, 834 F.2d at 933; see also Radio & Television Broad. Technicians Local Union 1264, 380 U.S. at 256.

Plaintiff's employment theory also fails under this test. Although Plaintiff claims (and Defendants admit) that Lockheed Martin and Boeing share equal ownership (50%) of USA, this allegation is insufficient for a finding of an employer-employee relationship. See Cruz-Lovo v. Ryder Sys., Inc., 298 F. Supp. 2d 1248, 1254 (S.D. Fla. 2003) ("Some showing of common ownership . . . is not enough, when viewed in light of the other elements, to establish . . . integrated employers."); see also Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1071 (10th Cir. 1998) ("[C]ommon ownership . . . 'standing alone, can never be sufficient to establish parent liability.'") (citation omitted). There is no interrelation of operations between either Lockheed Martin or Boeing with USA. (Doc. 19 at 5-6; Doc. 20 at 5-6.) See Pearson v. Component Tech. Corp., 247 F.3d 471, 501 (3d Cir. 2001) ("[T]he mere fact that the subsidiary's chain-of-command ultimately results in the top officers of the subsidiary reporting to the parent corporation does not establish the kind of day-to-day control necessary to establish an interrelation of operations."). There is no evidence of a centralized control of labor relations between Lockheed Martin, Boeing, and USA. (Doc. 19 at 5-6; Doc. 20 at 5-6.) Finally, while there is evidence of Lockheed Martin and Boeing having involvement in the employment decisions of five ranking officers of USA (CEO, Executive Vice President/Chief Operating Officer, Chief Financial Officer, Controller, and chief legal officer) (Doc. 19 at 6 n.2; Doc. 20 at 6 n.2), Plaintiff did not hold any of these positions during her tenure with USA, nor is involvement in the hiring of those top executives in these circumstances sufficient to find great enough "common management" for the single employer test. See Lusk v. Foxmeyer Health Corp., 129 F.3d 773, 778 (5th Cir. 1997)

("[C]ourts have recognized that the mere existence of common management and ownership are not sufficient to justify treating a parent corporation and its subsidiary as a single employer.") (citations omitted). In sum, Plaintiff's claim of employment with Lockheed Martin and Boeing fails under the single employer (or integrated enterprise) test.

Plaintiff fails to show that Lockheed Martin and Boeing were her employers. Thus, Plaintiff's Title VII claims must fail with respect to both Lockheed Martin and Boeing.

### C. *Lockheed Martin and Boeing are not Plaintiff's Employers for Section 1981, Section 1983, or State Law Tort Claims*

Plaintiff also raises three claims under 42 U.S.C. § 1981, in Counts I, III and IV of her Complaint. Counts I and IV mirror the Title VII claims, alleging disparate treatment and hostile work environment, respectively. Count III alleges an equal rights violation, and includes a claim under 42 U.S.C. § 1983 in the same claim. Finally, Counts V and VI allege the state tort claims of negligent supervision and negligent training. All of Plaintiff's claims rely on the existence of an employment relationship.[2] Therefore, they must necessarily fail for the reasons outlined above.

---

[2] Because Section 1981 and Section 1983 claims apply the same analysis as the Title VII claims, an employment relationship must exist. See Sledge v. Goodyear Dunlop Tires N. Am., Ltd., 275 F.3d 1014, 1015 n.1 (11th Cir. 2001) ("The . . . standard for a [Title VII] prima facie case is applicable in employment discrimination suits brought under 42 U.S.C. § 1981."); Snider v. Jefferson State Cmty. Coll., 344 F.3d 1325, 1328 n.4 (11th Cir. 2003) ("[W]hen section 1983 is used as a parallel remedy for violation of . . . Title VII, the elements of the two causes of action are the same.") (quoting Hardin v. Stynchcomb, 691 F.2d 1364, 1369 n.16 (11th Cir. 1982)). The state law claims of negligent supervision and negligent training also require an employment relationship. See Sullivan v. Lake Region Yacht & Country Club, Inc., No. 97-1464-CIV-T-17A, 1997 U.S. Dist. LEXIS 17376, at *7 (M.D. Fla. Oct. 21, 1997) ("Florida recognizes negligent hiring, training, and retention as legitimate basis of recovery against an *employer*.") (emphasis added) (citing Mallory v. O'Neil, 69 So. 2d 313 (Fla. 1954)).

## III. CONCLUSION

For the foregoing reasons, the motions for summary judgment by Defendants Lockheed Martin Corporation (Doc. 19, filed September 10, 2004) and The Boeing Company (Doc. 20, filed September 10, 2004) are **GRANTED** as to all of Plaintiff's claims.

**DONE** and **ORDERED** in Orlando, Florida on this 20th day of September, 2005.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties