# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CATHERINE KOLCZYNSKI,**

        **Plaintiff,**

**-vs-**                                                                  **Case No.  6:04-cv-716-Orl-18KRS**

**UNITED SPACE ALLIANCE, et al.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Motion for Attorneys' Fees by Defendants Lockheed Martin and Boeing (doc. no. 73), Plaintiff Catherine Kolczynski's Response in Opposition to Lockheed Martin Corporation and The Boeing Company's Motion for Attorney's Fees (doc. no. 75), and the supplemental memoranda of law filed by the parties at the Court's request (doc. nos. 80, 81).  This matter was referred to me pursuant to 28 U.S.C. § 636(b) for issuance of a report and recommendation.

**I.     BACKGROUND.**

Plaintiff Catherine Kolczynski sued Defendants United Space Alliance, LLC (USA), Lockheed Martin Corp. (Lockheed), and The Boeing Company (Boeing) in a six-count

complaint seeking damages for alleged civil rights violations and negligence under Florida common law.[1]  This Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331.  It exercised supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.[2]

On August 18, 2004, Lockheed and Boeing served valid offers of judgment "pursuant to Rule 68, Federal Rules of Civil Procedure, and Section 768.79, Florida Statutes," for all of the claims contained in the complaint.  Doc. No. 73, exs. C & D.  Kolczynski did not timely accept these offers of judgment.

On September 10, 2004, Lockheed and Boeing both filed motions for summary judgment.  Doc. Nos. 19 & 20.  Despite being granted an extension of time to do so, Kolczynski did not respond to either of these motions.

---

[1] The claims set forth in the complaint are as follows:  Count I – "Title VII 42 U.S.C. Section 2000e, *et seq*. and Section 1981 (Disparate Treatment)"; Count II – "Title VII 42 U.S.C. Section 2000e, *et seq*. (Retaliation)"; Count III – "Equal Rights under the Law 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983"; Count IV – "Hostile Work Environment Title VII, 42 U.S.C. Section 2000e, *et seq*. and Section 1981"; Count V – "Negligent Supervision"; and Count VI – "Negligent Training".  Doc. No. 1.

[2] Lockheed and Boeing assert that the Court has diversity jurisdiction over Kolczynski's state-law claims pursuant to 28 U.S.C. § 1332.  Doc. No. 80 at 5-6.  However, Kolczynski did not allege in the complaint that her state-law claims were before the Court based on diversity of citizenship.  Doc. No. 1 at 2.  Because the analysis is the same whether the state-law claims are based on diversity jurisdiction or supplemental jurisdiction, the Court need not determine whether diversity jurisdiction exists as to the state-law claims.

The Honorable G. Kendall Sharp, the presiding district judge, granted summary judgment in favor of Lockheed and Boeing as to all of Kolczynski's claims.  Doc. No. 59.[3] In sum, after reviewing Kolczynski's relationship with both Lockheed and Boeing, Judge Sharp found that "no employer-employee relationship existed."  Doc. No. 59 at 6.  Judge Sharp noted that Kolczynski's "entire Complaint rests upon allegations made against USA, not against either Lockheed Martin or Boeing[,]" *id*. at 6, and he found that Kolczynski had failed to produce "any evidence that could lead [the] Court to believe that she was in an employer-employee relationship with either Lockheed Martin or Boeing . . . ."  *Id*. at 5.[4]  Kolczynski did not appeal the ruling.

Thereafter, Lockheed and Boeing filed the present motion seeking attorneys' fees under Title VII (42 U.S.C. § 2000e-5(k)),[5] and, alternatively and additionally, under Florida's offer-of-judgment statute, Fla. Stat. § 768.79.

---

[3] The Court subsequently granted summary judgement in favor of USA.  Doc. No. 69.

[4] All of Kolczynski's claims against Lockheed and Boeing were predicated on the existence of an employment relationship.  *See* Doc. No. 59 at 9.

[5] The statute provides, in relevant part, as follows:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

**II.     STATEMENT OF FACTS.**

I draw these facts from Judge Sharp's summary judgment order. Doc. No. 59. Kolczynski, a white female, was employed as a Planner with USA in the Production Control Department of the Solid Rocket Boosters (SRB) Element at Kennedy Space Center (KSC). Specifically, Kolczynski worked in the Assembly and Refurbishment Facility (ARF). From October 1999 until her resignation, Kolczynski's direct supervisor in Production Control was Kenneth Way, Manager of Production Control. Way oversaw all of Production Control, including the ARF and another facility in Production Control Hangar AF. *Id*. at 2.

USA is a limited liability company formed under the laws of Delaware, with its principal place of business in Texas, and is equally owned by Lockheed and Boeing. USA is responsible for the general business policy, management, and supervision of its own day-to-day operations. As a result, USA has sole responsibility for establishing all policies as it relates to USA employees such as Kolczynski, including hiring and dismissal, wages and benefits, work assignments and schedules, and disciplinary actions. The only employment decisions in which Lockheed and Boeing were involved were the hiring and dismissal of USA's top executives, namely the CEO, Executive Vice President/Chief Operating Officer, Chief Financial Officer, and Controller, as well as the approval of USA's chief legal officer. Kolczynski did not hold any of these positions during her employment with USA. *Id*.

On December 17, 2003, Way informed Kolczynski that he was transferring her to Hangar AF.  Kolczynski objected to the transfer because Hangar AF was farther away from KSC's day care facility, where her newborn daughter would soon be in child care.  Kolczynski had been scheduled to go on vacation for the holiday season beginning December 18, 2003.  Following her meeting with Way, she requested, and Way granted her vacation beginning one day early, on December 17, 2003.  *Id*. at 2-3.

On December 23, 2003, Kolczynski e-mailed Carol Gerlach, a USA Employee Relationships representative, and requested that Gerlach contact her.  Due to the death of her father, Gerlach did not respond to the e-mail until January 5, 2004.  Upon hearing of Kolczynski's complaints of the assignment to Hangar AF and that she would be filing a charge with the United States Equal Employment Opportunity Commission (EEOC), Gerlach attempted to schedule a meeting in person with Kolczynski on January 12, 2004.  On January 14, 2004, without attending a meeting with Gerlach regarding her transfer, Kolczynski e-mailed Gerlach a notification of resignation.  Kolczynski subsequently filed charges with the EEOC, asserting claims of sex/pregnancy discrimination, retaliation, and hostile work environment based on sex and pregnancy.  On April 20, 2004, she received a right-to-sue notice from the EEOC.  She filed her complaint shortly thereafter.  *Id*. at 3.

**III. ANALYSIS.**

    A. <u>Attorneys' Fees for Work Performed In Connection with the Federal-Law Claims</u>.

A court may award reasonable attorneys' fees under Title VII and 42 U.S.C. § 1988 to a prevailing party. *See Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1316 (M.D. Fla. 2002). The standard for such awards differs depending upon whether the prevailing party is a plaintiff or a defendant. *Id.* at 1310. A prevailing defendant in a civil rights case, including claims brought under Title VII, may only be awarded attorneys' fees if the plaintiff's claim "was frivolous, unreasonable, or groundless," or "the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978). A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

    The United States Court of Appeals for the Eleventh Circuit looks to three factors in determining whether a prevailing defendant is entitled to an award of attorneys' fees in a Title VII case: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985). In cases where the plaintiff produces evidence sufficient to support his or her claims, findings of frivolity typically do not stand. *Id.* Determinations of frivolity are to be made on a case-by-case basis. *Id.*

> In *Christiansburg*, the Supreme Court cautioned as follows:
>
> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

*Christiansburg,* 434 U.S. 412 at 421-22.

In cases in which the Eleventh Circuit has "sustained findings of frivolity, plaintiffs have typically failed to 'introduce any evidence to support their claims.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005) (quoting *Sullivan*, 773 F.2d at 1189). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

          1.    *Prevailing Party Status*.

For a defendant to be awarded attorneys' fees under Title VII, it must first establish that it is a prevailing party.  As noted above, summary judgment was granted in favor of Lockheed and Boeing as to all counts contained in the complaint.  Doc. No. 69. Thus, I find that Lockheed and Boeing are prevailing parties under Title VII.  *See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603-05 (2001).

2.   *Frivolous Litigation.*

**(a)   Lack of Evidence.**

To determine whether Kolczynski's civil rights claims against Lockheed and Boeing were "frivolous, unreasonable, or groundless," I begin with the question of whether Kolczynski presented any evidence in support of these claims.

As noted above, Kolczynski did not respond to the motions for summary judgment filed by Lockheed and Boeing, despite being granted an extension of time to do so. In addition, as Judge Sharp noted in his summary judgment order, Kolczynski failed to produce "any evidence that could lead [the] Court to believe that she was in an employer-employee relationship with either Lockheed Martin or Boeing . . . ." Doc. No. 59 at 5.[6]  Under these circumstances, I find that Kolczynski's failure to produce any evidence in support of her claims against Lockheed and Boeing weighs in favor of an award of attorneys' fees.  *See, e.g., Perry v. Orange County*, 341 F. Supp. 2d 1197, 1204 (M.D. Fla. 2004) ("Advocacy of a claim after it is clearly no longer tenable may subject the plaintiff to attorneys' fees even though the complaint was not initially frivolous.").

---

[6] I note that Kolczynski did respond to a motion for summary judgment filed by USA. Doc. No. 36.  However, that response did not present any evidence or argument concerning whether Kolczynski had an employment relationship with either Lockheed or Boeing.

### (b) Establishment of a *Prima Facie* Case.

Judge Sharp did not reach the issue of whether Kolczynski established a *prima facie* case as to her claims against Lockheed and Boeing. Doc. No. 69. As previously discussed, Judge Sharp found that Kolczynski failed to establish the she had an employment relationship with Lockheed and Boeing, which was fundamental to her claims against them. *Id*. at 9. Hence, this factor weighs in favor of an award of attorneys' fees.

### (c) Defendants' Offers of Settlement.

When a defendant makes only a nominal settlement offer, which is aimed purely at avoiding the expenses of protracted litigation, this factor militates in favor of a finding that the plaintiff's claims are frivolous. *Cordoba v. Dillard's, Inc.*, No. 6:01CV1132ORL 19KRS, 2003 WL 21499011, at *6 (M.D. Fla. June 12, 2003), *rev'd on other grounds*, 419 F.3d 1169 (11th Cir. 2005). Lockheed and Boeing both offered to allow judgment to be taken against them in the amount of $51.00 "in full satisfaction of all of [Kolczynski's] claims as contained in the Complaint . . . including all damages, fees and costs . . . ." Doc. No. 73, exs. C & D. Hence, this factor weighs in favor of an award of attorneys' fees.

### (d) Disposition of the Case Prior to Trial.

Judge Sharp disposed of this case with an order of summary judgment prior to a full-blown trial on the merits. *Sullivan*, 773 F.2d at 1189. Accordingly, this factor weighs

in favor of an award of attorneys' fees.

### (e) Conclusion.

Based on the foregoing, I find that Kolczynski's civil rights claims against Lockheed and Boeing, including the Title VII claims, were seriously lacking in arguable merit. Although the frivolity of these claims may not have been apparent at the outset of the litigation, Kolczynski's failure to respond to the motions for summary judgment submitted by Lockheed and Boeing is strong evidence that it certainly became so. *Cf. Jerelds*, 194 F. Supp. 2d at 1311 n.7 (M.D. Fla. 2002) ("Although the frivolity of the Plaintiffs' claims may not have been apparent at the outset of the litigation, it was abundantly clear at the close of discovery that no evidence existed to substantiate Plaintiffs' assertions."). Moreover, all of the factors set forth by the court in *Sullivan* militate strongly in favor of imposing an award of attorneys' fees against Kolczynski. Thus, I recommend that the Court find that Lockheed and Boeing are entitled to an award of reasonable attorneys' fees under 42 U.S.C. § 2000e-5(k) for the work performed on the federal-question claims.

B.  <u>Attorneys' Fees for Work Performed on the State-Law Claims</u>.

Lockheed and Boeing additionally seek an award of attorneys' fees for work performed on the state-law claims of negligent training and supervision. In this circuit, attorneys' fees awarded to a prevailing defendant in a civil rights action can include fees for work performed defending against state-law claims if the federal and state-law causes of action "arise out of the same 'nucleus of facts.'" *Church of Scientology v.*

*Cazares*, 638 F.2d 1272, 1290 (5th Cir. 1981).

All of the causes of action alleged in the complaint in this case arise from the same "FACTUAL ALLEGATIONS." Doc. No. 1 at 3-6. Accordingly, this is a case in which the federal and state-law causes of action arise out of the same nucleus of facts. Therefore, I recommend that the Court find that Lockheed and Boeing are entitled to recover all of the attorneys' fees they reasonably incurred in defending against the federal and state-law claims brought in this case.[7]

    C.    <u>Assessment of Attorneys' Fees</u>.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-02 (11th Cir. 1988). The lodestar approach governs attorneys' fee awards under fee-shifting statutes, such as 42 U.S.C. § 1988. *City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir.

---

[7] Because I recommend that attorneys' fees be awarded under Title VII, I will not address the alternative argument that attorneys' fees could be awarded under the Florida offer-of-judgment statute.

11

1999) (quoting *Norman*, 836 F.2d at 1303). It is incumbent upon the party seeking fees to submit evidence that supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433 (1983). If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

Lockheed and Boeing have yet to submit any documentation in support of their request for fees in this matter. As noted above, it is incumbent upon the party seeking fees to submit evidence that supports the number of hours worked and the rate sought for each attorney and paralegal for whom it is seeking an award and evidence that any

litigation expenses[8] sought as part of the fee award were reasonably incurred. *Hensley*, 461 U.S. at 433; *Norman* 836 F.2d at 1299-03.

Accordingly, I respectfully recommend that the Court direct Lockheed and Boeing confer in good faith with counsel for the plaintiff to arrive at an agreement about the amount of attorneys' fees to be paid. If the parties are unable to reach agreement, I further recommend that the Court direct Lockheed and Boeing to file and serve a motion for assessment of attorneys' fees, supported by evidence[9] of (1) the reasonable hourly rates of the professionals for whose work fees are sought, (2) the reasonable number of hours spent defending this case, and (3) the amount of litigation expenses reasonably incurred. It would be helpful to the Court if Lockheed and Boeing provide a summary of the attorneys' fees sought for each professional in the following format:

---

[8] Under 42 U.S.C. § 2000e-5(k), the Court may award reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys as part of their attorneys' fees. *See, e.g., Lathem v. Dep't of Children and Youth Servs.*, 172 F.3d 786, 794-95 (11th Cir. 1999); *Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1189-90 & n. 12 (11th Cir. 1983). Lockheed and Boeing should not include in litigation expenses any amounts that have already been taxed as costs. *See* Doc. No. 77.

[9] The evidence should be in the form of sworn statements setting forth the experience of each individual for whose work attorneys' fees are sought, the reasonable number of hours worked by each such individual supported by timesheets describing the work performed, and the reason that litigation expenses were incurred, supported by invoices or other records of payment of these expenses.

| Name of Professional | Hourly Rate | Total Hours Worked | Lodestar Fee[10] |
|---|---|---|---|
| Attorney A | $200.00 | 10 | $2000.00 |
| Attorney B | $150.00 | 10 | $1500.00 |
| **TOTAL** | | | $3500.00 |

### IV.     RECOMMENDATION.

For the reasons discussed above, I respectfully recommend that the Court **GRANT** the Motion for Attorneys' Fees by Defendants Lockheed Martin and Boeing (doc. no. 73), and direct the parties to confer in a good faith effort to resolve the amount of attorneys' fees to be paid.  If the parties are unable to come to an agreement, I further recommend that the Court order Lockheed and Boeing to file motions for assessment of attorneys' fees within thirty days after entry of an order resolving the motion for attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained in this report **within ten (10) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** this 12th day of April, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

cc:     Presiding District Judge and Courtroom Deputy Clerk
        Counsel of Record

---

[10] The lodestar fee should be the hourly rate multiplied by the hours worked for each attorney.  If the hourly rate for any attorney changed, then there shall be separate entries for the attorney or legal assistant reflecting the hours worked at each different hourly rate.

14