UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CATHERINE KOLCZYNSKI,**

                     **Plaintiff,**

**-vs-**                                      **Case No. 6:04-cv-716-Orl-18KRS**

**UNITED SPACE ALLIANCE, et al.,**

                     **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Motion for Attorneys' Fees by Defendant United Space Alliance (doc. no. 74), Plaintiff Catherine Kolczynski's Response in Opposition to United Space Alliance, LLC's Motion for Attorney's Fees (doc. no. 76), and the supplemental memoranda of law filed by the parties at the Court's request (doc. nos. 80, 82). This matter was referred to me pursuant to 28 U.S.C. § 636(b) for issuance of a report and recommendation.

**I.    BACKGROUND.**

Plaintiff Catherine Kolczynski sued Defendants United Space Alliance, LLC (USA), Lockheed Martin Corp. (Lockheed), and The Boeing Company (Boeing) in a six-count complaint seeking damages for alleged civil rights violations and negligence under Florida

1

common law.[1]  This Court has federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331.  It exercised supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.[2]

On August 18, 2004, USA served a valid offer of judgment "pursuant to Rule 68, Federal Rules of Civil Procedure, and Section 768.79, Florida Statutes," for all of the claims contained in the complaint.  Doc. No. 74, ex. A.  Kolczynski did not timely accept this offer of judgment.

On July 1, 2005, USA filed a motion for summary judgment.  Doc. No. 32.  The Honorable G. Kendall Sharp, the presiding district judge, granted summary judgment in favor of USA on all of Kolczynski's claims.  Doc. No. 69.[3]  Judge Sharp concluded that Kolczynski failed to meet her burden of establishing a *prima facie* case as to her civil rights claims.  *Id*. at 4-17.  He further concluded that Florida law does not recognize a common law cause of action based on negligent supervision or negligent training as alleged in the complaint.  *Id*. at 17-18.  Kolczynski did not appeal the ruling.

---

[1] The claims set forth in the complaint are as follows:  Count I – "Title VII 42 U.S.C. Section 2000e, *et seq*. and Section 1981 (Disparate Treatment)"; Count II – "Title VII 42 U.S.C. Section 2000e, *et seq*. (Retaliation)"; Count III – "Equal Rights under the Law 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983"; Count IV – "Hostile Work Environment Title VII, 42 U.S.C. Section 2000e, *et seq*. and Section 1981"; Count V – "Negligent Supervision"; and Count VI – "Negligent Training".  Doc. No. 1.

[2] USA asserts that the Court has diversity jurisdiction over Kolczynski's state-law claims pursuant to 28 U.S.C. § 1332.  Doc. No. 80 at 5-6.  However, Kolczynski did not allege in the complaint that her state-law claims were before the Court based on diversity of citizenship.  Doc. No. 1 at 2.  Because the analysis is the same whether the state-law claims are based on diversity jurisdiction or supplemental jurisdiction, the Court need not determine whether diversity jurisdiction exists as to the state-law claims.

[3] The Court previously granted summary judgment in favor of Lockheed and Boeing.  Doc. No. 59.

2

Thereafter, USA filed the present motion seeking attorneys' fees under Title VII (42 U.S.C. § 2000e-5(k)), and, alternatively and additionally, under Florida's offer-of-judgment statute, Fla. Stat. § 768.79.

On February 28, 2006, I ordered the parties to submit supplemental memoranda of law addressing the question of whether Florida's offer-of-judgment statute impermissibly conflicts with the federal offer-of-judgment rule embodied in Federal Rule of Civil Procedure 68.  Doc. No. 78.  Both parties timely responded to this order.  Doc. Nos. 80, 82.

## II.   STATEMENT OF FACTS.

I draw these facts from Judge Sharp's summary judgment order.  Doc. No. 59. Kolczynski, a white female, was employed as a Planner with USA in the Production Control Department of the Solid Rocket Boosters (SRB) Element at Kennedy Space Center (KSC). Specifically, Kolczynski worked in the Assembly and Refurbishment Facility (ARF).  From October 1999 until her resignation, Kolczynski's direct supervisor in Production Control was Kenneth Way, Manager of Production Control.  Way oversaw all of Production Control, including the ARF and another facility in Production Control Hangar AF.  *Id*. at 2.

On December 17, 2003, Way informed Kolczynski that he was transferring her to Hangar AF.  Kolczynski objected to the transfer because Hangar AF was farther away from KSC's day care facility, where her newborn daughter would soon be in child care. Kolczynski had been scheduled to go on vacation for the holiday season beginning December 18, 2003.  Following her meeting with Way, she requested, and Way granted her vacation beginning one day early, on December 17, 2003.  *Id*. at 2-3.

On December 23, 2003, Kolczynski e-mailed Carol Gerlach, a USA Employee Relationships representative, and requested that Gerlach contact her. Due to the death of her father, Gerlach did not respond to the e-mail until January 5, 2004. Upon hearing of Kolczynski's complaints about her assignment to Hangar AF and that she would be filing a charge with the United States Equal Employment Opportunity Commission (EEOC), Gerlach attempted to schedule a meeting in person with Kolczynski on January 12, 2004. On January 14, 2004, without attending a meeting with Gerlach regarding her transfer, Kolczynski e-mailed Gerlach a notification of resignation. Kolczynski subsequently filed charges with the EEOC, asserting claims of sex/pregnancy discrimination, retaliation, and hostile work environment based on sex and pregnancy. On April 20, 2004, she received a right-to-sue notice from the EEOC. She filed her complaint shortly thereafter. *Id*. at 3.

## III. ANALYSIS.

### A. Request for Attorneys' Fees under Title VII.

A court may award reasonable attorneys' fees under Title VII to a prevailing party. 42 U.S.C. § 2000e-5(k) [4]; *see Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1316 (M.D. Fla. 2002). The standard for such awards differs depending upon whether the prevailing party is a plaintiff or a defendant. *Id.* at 1310. A prevailing defendant in a civil rights case, including

---

[4] The statute provides, in relevant part, as follows:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k).

claims brought under Title VII, may only be awarded attorneys' fees if the plaintiff's claim "was frivolous, unreasonable, or groundless," or "the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978). A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

The United States Court of Appeals for the Eleventh Circuit looks to three factors in determining whether a prevailing defendant is entitled to an award of attorneys' fees in a Title VII case: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan v. School Bd. of Pinellas County,* 773 F.2d 1182, 1189 (11th Cir. 1985). In cases where the plaintiff produces evidence sufficient to support his or her claims, findings of frivolity typically do not stand. *Id.* Determinations of frivolity are to be made on a case-by-case basis. *Id.*

In *Christiansburg*, the Supreme Court cautioned as follows:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

*Christiansburg,* 434 U.S. 412 at 421-22.

In cases in which the Eleventh Circuit has "sustained findings of frivolity, plaintiffs have typically failed to 'introduce any evidence to support their claims.'" *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1176 (11th Cir. 2005) (quoting *Sullivan,* 773 F.2d at 1189). "In

determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

    1.    *Prevailing Party Status.*

For a defendant to be awarded attorneys' fees under Title VII, it must first establish that it is a prevailing party. As noted above, summary judgment was granted in favor of USA as to all counts contained in the complaint. Doc. No. 69. Thus, I find that USA is a prevailing party under Title VII. *See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603-05 (2001).

    2.    *Frivolous Litigation.*

    **(a)**    **Lack of Evidence.**

To determine whether Kolczynski's civil rights claims against USA were "frivolous, unreasonable, or groundless," the Court must begin with the question of whether Kolczynski presented any evidence in support of these claims.

There is some evidence in the record that, arguably, could be construed to support Kolczynski's civil rights claims. In her statement of disputed facts, Kolczynski cited evidence in the record to support her claims. She relied upon her deposition and affidavit and the depositions or sworn statements of eight other individuals. Doc. Nos. 36, 43. In his order, Judge Sharp cited this evidence but found it to be insufficient to support Kolczynski's claims. However, he reached this decision only after careful of the evidence in his nineteen-page order.

Accordingly, this is not a case in which Kolczynski failed to present any evidence in support of her claims against USA. Although it appears under *Cordoba* that this finding is sufficient to resolve the motion for attorneys' fees under *Christiansburg*, I will address the other *Sullivan* factors in order to present a complete review of the relevant factors.

### (b) Establishment of a *Prima Facie* Case.

Judge Sharp concluded that Kolczynski failed to establish a *prima facie* case on her civil rights claims. Doc. No. 69. This factor weighs in favor of an award of attorneys' fees.

### (c) Defendant's Offer of Settlement.

When a defendant makes only a nominal settlement offer, which is aimed purely at avoiding the expenses of protracted litigation, this factor militates in favor of a finding that the plaintiff's claims are frivolous. *Cordoba v. Dillard's, Inc.*, No. 6:01CV1132ORL19KRS, 2003 WL 21499011, at *6 (M.D. Fla. June 12, 2003), *rev'd on other grounds*, 419 F.3d 1169 (11th Cir. 2005). USA offered to allow judgment to be taken against it in the amount of $51.00 "in full satisfaction of all of [Kolczynski's] claims as contained in the Complaint . . . including all damages, fees and costs . . . ." Doc. No. 74, ex. A. Hence, this factor weighs in favor of an award of attorneys' fees.

### (d) Disposition of the Case Prior to Trial.

Judge Sharp disposed of this case with an order of summary judgment prior to a full-blown trial on the merits. This factor weighs in favor of an award of attorneys' fees. *See, e.g., Head v. Medford*, 62 F.3d 351, 355-56 (11th Cir. 1995).

**(e)    Conclusion.**

After carefully considering all of the factors enunciated by the Eleventh Circuit in *Sullivan*, I respectfully recommend that the Court determine that USA is not entitled to an attorneys' fee award pursuant to Title VII (42 U.S.C. § 2000e-5(k)). Kolczynski presented some evidence in support of her claims against USA, and the Court gave careful review to the matter. This is sufficient to undercut the argument that Kolczynski's civil rights claims were frivolous. *See, e.g., Cordoba*, 419 F.3d at 1179-82 ("[W]hen determining whether a claim was or became frivolous, we view the evidence in the light most favorable to the *non-prevailing plaintiff*.") (internal quotation marks and citation omitted; emphasis original).

B.    Request for Attorneys' Fees Under the Florida Statute § 768.79.

USA also seeks an award of attorneys' fees under the Florida offer-of-judgment statute, Fla. Stat. § 768.79. Kolczynski asserts that, as applied in this case, section 768.79 is in direct conflict with 42 U.S.C. § 2000e-5(k).[5]

The analysis of a conflict between a state law and a federal law is a two-step process: (1) does the federal law control the issue; and (2) is the federal law constitutional. If the answer to both factors is "yes," the federal law controls under the Supremacy Clause. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 26 (1988). There is no argument in this case that 42 U.S.C. § 2005(k) is unconstitutional. The question presented is whether the Title VII attorneys' fee provision controls the issue of whether USA should be awarded attorneys'

---

[5] Kolczynski also asserts that an award of attorneys' fees under Fla. Stat. § 768.79 would impermissibly conflict with the federal offer-of-judgment rule, Fed. R. Civ. P. 68. I will not address this conflict based on my recommendation that the Court find that Title VII, rather than section 768.79, controls whether USA may be entitled to an award of attorneys' fees.

fees. I recommend that the Court find that Title VII controls in this case.

As interpreted by the Supreme Court in *Christiansburg*, Title VII permits an award of attorneys' fees to a prevailing defendant only when the plaintiff's claim was frivolous, groundless or without merit. In this circuit, attorneys' fees awarded to a prevailing defendant in a civil rights action, including a Title VII case, can also include fees for work performed defending against state-law claims if the federal and state-law causes of action "arise out of the same 'nucleus of facts.'" *Church of Scientology v. Cazares*, 638 F.2d 1272, 1290 (5th Cir. 1981). All of the causes of action alleged in the complaint in this case arise from the same "FACTUAL ALLEGATIONS." Doc. No. 1 at 3-6. Accordingly, this is a case in which the federal and state-law causes of action arise out of the same nucleus of facts. Therefore, if USA had been entitled to attorneys' fees under the *Christiansburg* standard, it would have been able to recover attorneys' fees for all of the work performed in this case. Under these circumstances, 42 U.S.C. § 2000e-5(k) is sufficiently broad to control the issue of whether USA may be awarded attorneys' fees.

Awarding attorneys' fees to USA under section 768.79 would undermine the *Christiansburg* requirement that attorneys' fees should be awarded to a prevailing defendant in a civil rights case only when the plaintiff's claim was frivolous, groundless, or without merit. As such, in this case, section 768.79 directly collides with the determination that an award of fees for the very same work is not appropriate under Title VII. Under such circumstances 42 U.S.C. § 2000e-5(k) controls, and it precludes an award of attorneys' fees under section 768.79. *See Keesee v. Bank of Am., N.A.*, 371 F. Supp. 2d 1370, 1377 (M.D. Fla. 2005). Therefore, should the Court determine that USA is not entitled to an award of fees pursuant

to Title VII, section 768.79 cannot authorize an award of attorneys' fees for work performed in defense of Kolczynski's claims.

## IV.     RECOMMENDATION.

For the reasons discussed above, I respectfully recommend that the Court **DENY** the Motion for Attorneys' Fees by Defendant United Space Alliance (doc. no. 74).

Failure to file written objections to the proposed findings and recommendations contained in this report **within ten (10) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** this 19th day of April, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

cc:     Presiding District Judge and Courtroom Deputy Clerk
        Counsel of Record