UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CATHERINE KOLCZYNSKI,
        Plaintiff,

-vs-                                         Case No. 6:04-cv-716-Orl-18KRS

UNITED SPACE ALLIANCE, LLC,
LOCKHEED MARTIN CORPORATION,
THE BOEING COMPANY,
        Defendants.

## ORDER

This cause comes on for consideration on the Motion for Attorneys' Fees by Defendant United Space Alliance, LLC ("USA") (Doc. 74, filed October 11, 2005), to which Plaintiff Catherine Kolczynski ("Kolczynski") filed a Response in Opposition. (Doc. 76, filed October 25, 2005.) After reviewing the Report and Recommendation (Doc. 84, filed April 19, 2006) and USA's Objection to the Report and Recommendation (Doc. 87-1, filed May 15, 2006), to which Kolczynski did not respond, the Court concludes that USA is entitled to an award of attorneys' fees. For the following reasons, the Report and Recommendation is not adopted, and the Court **GRANTS** Defendant USA's Motion for Attorneys' Fees.

## ANALYSIS

The facts of the case have been sufficiently outlined in several different orders issued in relation to this case, including the latest Report and Recommendations. Summary judgment was granted to USA, as to all counts, on September 27, 2005. (Doc. 69.) USA thereupon filed a motion for attorneys' fees and supporting memorandum of law (Doc. 74).

to which Kolczynski responded. (Doc. 76.) USA filed for attorneys' fees pursuant to Federal Rules of Civil Procedure 54(d)(2), Florida statutes section 768.69, 42 U.S.C. § 2000e-5(k), and Local Rule 4.18(a). The only issue before the Court at this time is whether attorneys' fees should be awarded to USA in this case.[1]

Pursuant to 42 U.S.C. § 2000e-5(k), a court may award reasonable attorneys' fees under Title VII to a prevailing party.[2] The Eleventh Circuit has outlined three factors to evaluate when determining whether a prevailing defendant is entitled to an award of attorneys' fees in a Title VII case: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985). However, these are just general guidelines, and "[d]eterminations regarding frivolity are to be made on a case-by-case basis." Id.

After reviewing the Sullivan guidelines in light of the present case, it is clear to this Court that USA is entitled to attorneys' fees. First, it was determined at the summary judgment stage that Kolczynski failed to establish a prima facie case on her civil rights claims. Second, the record shows that USA offered a nominal settlement in the amount of

---

[1] This Court has adopted the Report and Recommendation of Judge Spaulding and granted Defendants Lockheed Martin and Boeing attorneys' fees. (Doc. 83, filed April 12, 2006.)

[2] The statute provides, in relevant part:
In any action or proceeding under this title [42 USCS §§ 2000e et seq.] the court, in its discretion, my allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
42 U.S.C. § 2000e-5(k).

$51.00 to Kolczynski at the outset of the case. (See Doc. 87-2, filed May 15, 2006.) Such a nominal offer weighs in USA's favor in the determination of frivolity. Cordoba v. Dillard's, Inc., No. 6:01CV1132ORL19KRS, 2003 WL 21499011, at *5 (M.D. Fla. June 12, 2003) ("[A]ttorney's fees seem especially warranted if Plaintiff rejected a nominal settlement offer and instead continued to litigate frivolous claims."), rev'd on other grounds, 419 F.3d 1169 (11th Cir. 2005). Finally, as noted earlier, this Court granted summary judgment on all counts to USA prior to a full-blown trial. All three Sullivan factors, therefore, weigh in favor of USA.[3]

Despite all factors weighing in favor of awarding USA attorneys' fees, however, this Court must still view this case on an individual basis. Kolczynski brought forth remarkably little evidence and did not come close to establishing a prima facie case. It is also worth noting that Kolczynski was not willing to meet with Carol Gerlach, the USA Employee Relationships representative, prior to quitting her position and filing a charge with the United States Equal Employment Opportunity Commission. Filing a lawsuit under these circumstances clogs an already busy federal court system and takes judicial officers and staff away from more pressing tasks. Accordingly, this is precisely the type of lawsuit where prevailing defendants should be awarded attorneys' fees.

---

[3]The Eleventh Circuit has previous held that even when all three Sullivan factors do not weigh in favor of the prevailing party, a determination of frivolity and an award of attorneys' fees can still be proper. See Quintana v. Jenne, 414 F.3d 1306, 1310 (11th Cir. 2005) (holding that where the first and third Sullivan factors support a determination of frivolity, and the second factor offers no support for either party, the district court did not abuse its discretion in awarding attorneys' fees).

## CONCLUSION

For the reasons discussed above, this Court declines to adopt the Report and Recommendation (Doc. 83) and **GRANTS** the Motion for Attorneys' Fees by Defendant United Space Alliance (Doc. 74). The Court directs the parties to confer in a good faith effort to resolve the amount of attorneys' fees to be paid. If the parties are unable to come to an agreement, the Court orders United Space Alliance to file a motion for assessment of attorneys' fees within thirty days after entry of an order resolving the motion for attorneys' fees.

**DONE** and **ORDERED** in Orlando, Florida on this _____ day of June, 2006.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties