**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CATHERINE KOLCZYNSKI,**
          **Plaintiff,**

**-vs-**                                                      **Case No. 6:04-cv-716-Orl-18KRS**

**UNITED SPACE ALLIANCE, LLC,
LOCKHEED MARTIN CORPORATION,
THE BOEING COMPANY,**
          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANTS' VERIFIED MOTION FOR ASSESSMENT OF ATTORNEYS' FEES (Doc. No. 97)**
>
> **FILED:**    **July 24, 2006**
> _____

**I.    PROCEDURAL HISTORY.**

    The Honorable G. Kendall Sharp, presiding district judge, granted summary judgment in favor of Defendants United Space Alliance, LLC, Lockheed Martin Corporation, and The Boeing Company. Doc. Nos. 59, 69. Judge Sharp subsequently determined that each of these defendants was entitled to an award of attorneys' fees against Plaintiff Catherine Kolczynski pursuant to 42 U.S.C. § 2000e-5(k) and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Doc. Nos. 83, 88, 89.

Defendants subsequently filed their verified motion for assessment of attorneys' fees supported by time sheets describing the work performed. Doc. Nos. 97, 101. Kolczynski filed a response to the motion in which she objects to the amount of attorneys' fees sought by the defendants with supporting exhibits.[1] Doc. No. 103 (incorporating by reference doc. nos. 75 & 76). The motion for assessment of attorneys' fees has been referred to me for issuance of a report and recommendation.

## II. APPLICABLE LEGAL PRINCIPLES.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-02 (11th Cir. 1988). The lodestar approach governs attorneys' fee awards under fee-shifting statutes, such as 42 U.S.C. § 1988. *City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). Additional factors to be considered in determining a reasonable fee include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or

---

[1] Kolczynski has filed two exhibits, which constitute a complete copy of the defendants' attorneys' time sheets with check marks next to certain entries. Doc. Nos. 103-2; 103-3. Kolczynski has not explained the significance, if any, she attributes to the marks.

contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

With respect to the reasonable hourly rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorneys' fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

With respect to the reasonable number of hours worked, "[f]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. In determining the work for which attorneys' fees are sought, a party must exercise billing judgment. Billing judgment requires that a party not seek reimbursement for hours that it "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Norman*, 836 F.2d at 1301. "[O]bjections and proof from fee opponents concerning hours that should be excluded must be specific

and reasonably precise." *Barnes*, 168 F.3d at 428 (internal quotation marks and citation omitted); *see also Norman*, 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight.").

### III. ANALYSIS.

The defendants seek fees for the following individuals at the hourly rates and for the number of hours set forth in the following table:

|  | **HOURLY RATE** | **TOTAL HOURS WORKED** | **LODESTAR FEE** |
|---|---|---|---|
| **Partner** | | | |
| Hamilton, W.R. | $370.00 | 140.80 | $52,096.00 |
| Hamilton, W.R. | $409.50 | 73.00 | $29,893.50 |
| Hamilton, W.R. | $425.00 | 268.00 | $113,900.00 |
| Hamilton, W.R. | $475.00 | 17.00 | $8,075.00 |
| **Associates** | | | |
| Hoffman, L.R. | $260.00 | 13.60 | $3,536.00 |
| Hoffman, L.R. | $285.00 | 23.00 | $6,555.00 |
| Leichter, J.M. | $235.00 | 33.00 | $11,092.00 |
| Price, J.L. | $190.00 | 21.30 | $4,047.00 |
| Price, J.L. | $195.00 | 193.20 | $37,674.00 |
| Price, J.L. | $250.00 | 33.00 | $8,250.00 |
| Sarelson, M.S. | $195.00 | 47.10 | $9,184.50 |
| **Paralegals** | | | |
| Cantwell, C.M. | $140.00 | 13.60 | $1,904.00 |
| Cantwell, C.M. | $160.00 | 34.00 | $5,440.00 |
| Hernandez, R.C. | $147.00 | 43.10 | $6,335.70 |

| | | | |
|---|---|---|---|
| Hernandez, R.C. | $160.00 | 52.00 | $8,320.00 |
| Roman, W. | $140.00 | 61.10 | $8,554.00 |
| Stewart, A.K. | $120.00 | .40 | $48.00 |
| Stewart, A.K. | $155.00 | 4.20 | $651.00 |
| **Summer Associate** | | | |
| Walker, C. | $110.00 | 13.30 | $1,463.00 |
| **TOTAL** | | 1,084.70 | **$317,018.70** |

Doc. No. 97 at 9-10. W. Russell Hamilton, III, lead counsel for the defendants, attests that in seeking the compensation set forth in this chart, "[d]efendants have voluntarily eliminated from [their] request[s] certain fee-generators, and reduced the total (and underlying partner, associate and paralegal) hours to reflect . . . factors mitigating against all of the hours expended as being reasonably expended." Doc. No. 97 at 9 n.4. The complete time sheets filed by the defendants reflect that 1,543.40 hours were worked for a total fee of $422,981.30, which was reduced to 1,084.70 hours for a total fee of $317,018.70 for purposes of the fee request.

Kolczynski objects both to the hourly rates of the individuals listed in the chart and to the reasonableness of some of the hours worked. Doc. No. 103. She supports her response with the defendants' time sheets, which she attaches as exhibits.

*A.   Hourly Rates.*

The only specific objection that Kolczynski makes to the requested hourly rates pertains to the hourly rate for attorney Hamilton, lead counsel for the defendants. She contends that Hamilton

should be permitted an hourly rate of $150.00 per hour. She generally objects to the hourly rates of others listed in the chart without proposing an hourly rate that she suggests would be reasonable. She offers no expert affidavits, evidence, or court decisions supporting her objections.

Hamilton avers that he received his B.A. from Stetson University in 1972 and a J.D. from Mercer University School of Law in 1975 with high honors. Hamilton has practiced law for 31 years, and for 26 of those years he has specialized in labor and employment matters. He is presently a partner with Morgan Lewis & Bockius LLP (Morgan Lewis), a nationally recognized management-side employment practice. Hamilton has been recognized for his expertise in labor and employment work by *Best Lawyers in America 2006* and *Chambers USA, America's Leading Lawyers for Business: Labor & Employment*, among other publications. Doc. No. 97 at 7-8.

Hamilton attests that Jennifer Price (Price, J.L.) earned her B.S. with honors from the University of Florida in 1998. She received her J.D., *cum laude*, from the University of Pennsylvania Law School, where she was Editor-in-Chief of the University of Pennsylvania Journal of Labor and Employment Law. She has exclusively practiced labor and employment law since her graduation from law school in 2004. Doc. No. 97 at 8.

The defendants offer no information about the background and experience of other individuals listed in the chart except to state that "[t]he paralegal and legal staff that worked on this case are all highly-skilled and well qualified." Doc. No. 97 at 8. The website for Morgan Lewis reflects that Jana M. Leichter (Leichter, J.M.) received her B.A. from the University of Pennsylvania in 2001, and her J.D., *magna cum laude*, from the University of Miami School of Law in 2004. There is no listing on the website for any of the other individuals listed in the chart.

The hourly rates sought by the defendants are, in my experience, more consistent with the higher hourly rates charged in the South Florida market, rather than those charged in the relevant Central Florida market. *See Brother v. Int'l Beach Club Condo. Ass'n, Inc.*, No. 6:03-cv-444-ORL-28DAB, 2005 WL 1027240, at *6 (M.D. Fla. April 28, 2005). Attorneys who practice in Central Florida and have expertise in employment law opined about the reasonable hourly rate for employment attorneys in the Central Florida market in affidavits filed in *Brother* and in *Wilder v. Martin Petroleum Corp.*, Case No. 6:03-cv-206-Orl-22KRS (M.D. Fla 2005). These attorneys opined that, in other than "boiler plate" cases, the following range of hourly rates were reasonable for work performed between 2003 and 2005:

| | |
|---|---|
| Lawyer/Partner (19 years' experience) | $225-$275 |
| Lawyer/Partner (8 - 15 years' experience) | $185-$265 |
| Associate (6 years' experience) | $145-$165 |
| Associate (1 - 4 years' experience) | $125-$165 |
| Law Clerk | $85-$100 |
| Paralegal | $75-$95 |

In the absence of other evidence, and based on my knowledge of the Central Florida market, I find that these hourly rates accurately reflect the range of hourly rates charged in the Central Florida market for the time at issue in the present case.

Hamilton's experience exceeds the highest level of expertise discussed by the expert attorneys in *Brother* and *Wilder*. As noted above, the Court is itself an expert in reasonable hourly rates in the community. Accordingly, I recommend that the Court find that $370.00 per hour, the lowest hourly rate charged by Hamilton, is reasonable for all of his work in this case.

Price and Leichter fall into the category of associates with 0 to 2 years of experience. As such, a reasonable hourly rate for their time is at the low end of the inexperienced associate range, specifically $125.00 per hour. Because the defendants presented no information about the experience of associate attorneys Hoffman and Sarelson, the reasonable hourly rates for their work would also be $125.00 per hour.

The work of summer associate Walker is akin to the work of a law clerk. Having no information about Walker's background or experience, the low end of the range of hourly rates for work of law clerks, $85.00 per hour, is reasonable for Walker's work.

With respect to the work of the paralegals, the defendants also fail to fulfill their burden of presenting evidence to establish their background and experience. Accordingly, the reasonable hourly rate for the work of each paralegal is $75.00 per hour, the low end of the range of rates reasonable for paralegals working in the Central Florida market.

  B.  *Reasonable Number of Hours*.

Although Kolczynski attaches the Morgan Lewis time sheets to her response, she does not specifically explain in her response what she found objectionable about each time entry. Indeed, her exhibits include time for which the defendants do not seek reimbursement, such as time worked by individuals named Springer, Bolz, Gillett, DiBernardo, and Colbert. Because the case law requires Kolczynski to state her objections with reasonable precision, I will address only the objections that Kolczynski identified with specificity.

    1.  <u>Ambiguous, Vague, and Inspecific Time Entries</u>.

Kolczynski identifies certain time entries as ambiguous, vague, and too inspecific for the Court to determine whether the time worked on the described tasks was reasonable. Review of the tasks described in the exhibits to Kolczynski's response reveals that the descriptions of the tasks performed are generally minimally, but adequately, described, and the hours worked were reasonable. These tasks include reviewing the file and preparing an answer, preparing documents required to be filed with the Court (*e.g.,* certificate of interested persons, case management report, motion for summary judgment), reviewing Court orders, preparing discovery requests and responses, preparing and reviewing memoranda of interviews of witnesses, preparing declarations of witnesses filed in support of a motion for summary judgment, and corresponding with Jay Romano, opposing counsel.

However, Kolczynski correctly identified the following entries as being so vague that it is impossible to tell the reason for the work or whether the amount of time expended was appropriate and necessary for the progress of the litigation in this case:

| DATE | NAME | DESCRIPTION | HOURS |
|---|---|---|---|
| 7/5/04 | Hamilton | Various e-mails | 0.30 |
| 7/5/04 | Hamilton | Prepare correspondence | 0.10 |
| 7/5/04 | Hamilton | Review correspondence | 0.10 |
| 7/8/04 | Hamilton | Review and respond to e-mails | 0.50 |
| 7/13/04 | Hamilton | Review and respond to e-mail | 0.10 |
| 7/13/04 | Hamilton | Prepare correspondence | 0.60 |
| 7/14/04 | Hamilton | Prepare correspondence | 0.40 |
| 7/26/04 | Hamilton | Various e-mails | 0.40 |
| 7/26/04 | Hamilton | Various telephone conferences | 0.50 |

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 8/5/04 | Hamilton | Various e-mails | 0.30 |
| 8/6/04 | Hamilton | Prepare correspondence | 0.40 |
| 9/27/04 | Hamilton | Prepare correspondence | 0.50 |
| 9/27/04 | Hamilton | Review correspondence and prepare correspondence | 0.60 |
| 9/28/04 | Hamilton | Review e-mail and prepare correspondence | 0.60 |
| 9/29/04 | Hamilton | Prepare e-mail re: same | 0.30 |
| 9/30/04 | Hamilton | Various e-mails | 0.30 |
| 10/4/04 | Hamilton | Prepare correspondence | 0.40 |
| 10/7/04 | Hamilton | Various e-mails | 0.60 |
| 10/9/04 | Hamilton | Prepare correspondence | 0.30 |
| 10/11/04 | Hamilton | Prepare correspondence | 0.10 |
| 10/11/04 | Hamilton | Prepare correspondence | 0.20 |
| 10/12/04 | Hamilton | Review and respond to e-mail | 0.10 |
| 10/20/04 | Hamilton | Prepare correspondence | 0.70 |
| 11/7/04 | Hamilton | Prepare correspondence | 0.30 |
| 11/8/04 | Hamilton | Prepare correspondence | 0.30 |
| 11/8/04 | Hamilton | Review correspondence | 0.20 |
| 12/1/04 | Hamilton | Prepare e-mails | 0.40 |
| 12/30/04 | Hamilton | Update various materials | 0.60 |
| 1/21/05 | Hamilton | Various e-mails | 0.40 |
| 1/27/05 | Hamilton | Prepare correspondence | 0.20 |
| 2/8/05 | Hamilton | Various e-mails | 0.20 |
| 2/10/05 | Hamilton | Prepare correspondence | 0.20 |
| 2/11/05 | Hamilton | Finalize correspondence | 0.30 |
| 3/1/05 | Hamilton | Review correspondence | 0.10 |

| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 3/10/05 | Hamilton | Review correspondence | 0.20 |
| 3/16/05 | Hamilton | Various e-mails | 0.40 |
| 3/16/05 | Hamilton | Review correspondence | 0.20 |
| 3/21/05 | Hamilton | Various e-mails | 0.30 |
| 3/23/05 | Hamilton | Various e-mails | 0.30 |
| 3/25/05 | Hamilton | Prepare correspondence | 0.30 |
| 3/27/05 | Hamilton | Prepare correspondence | 0.50 |
| 3/28/05 | Hamilton | Prepare correspondence | 0.40 |
| 3/28/05 | Hamilton | Finalize correspondence | 0.20 |
| 3/28/05 | Hamilton | Various e-mails | 0.40 |
| 3/29/05 | Hamilton | Prepare correspondence | 0.30 |
| 3/30/05 | Hamilton | Various e-mails | 0.30 |
| 3/30/05 | Hamilton | Finalize correspondence | 0.30 |
| 3/31/05 | Hamilton | Various e-mails | 0.20 |
| 4/20/05 | Hamilton | Various e-mails | 0.50 |
| 4/23/05 | Hamilton | Prepare correspondence | 0.60 |
| 4/26/05 | Hamilton | Prepare correspondence | 0.20 |
| 4/26/05 | Hamilton | Various e-mails | 0.50 |
| 4/27/05 | Hamilton | Prepare correspondence | 0.40 |
| 4/27/05 | Hamilton | Various e-mails | 0.80 |
| 4/28/05 | Hamilton | Various e-mails | 0.50 |
| 4/29/05 | Hamilton | Review correspondence | 0.10 |
| 5/2/05 | Hamilton | Various e-mails | 0.70 |
| 5/5/05 | Hamilton | Prepare proposed correspondence | 0.70 |
| 5/6/05 | Hamilton | Various e-mails | 0.70 |
| 5/10/05 | Hamilton | Review correspondence | 0.20 |

| Date | Name | Description | Hours |
|---|---|---|---|
| 5/13/05 | Hamilton | Various e-mails | 0.60 |
| 5/13/05 | Hamilton | Prepare correspondence | 0.30 |
| 5/16/05 | Hamilton | Various e-mails | 0.50 |
| 5/16/05 | Hamilton | Prepare correspondence | 0.30 |
| 5/17/05 | Hamilton | Various e-mails | 0.50 |
| 6/1/05 | Hamilton | Various e-mails | 0.30 |
| 6/20/05 | Hamilton | Review correspondence | 0.10 |
| 6/21/05 | Hamilton | Various e-mails re: scheduling | 0.30 |
| 6/26/05 | Hamilton | Prepare correspondence | 0.20 |
| 6/26/05 | Hamilton | Various e-mails | 0.50 |
| 6/27/05 | Hamilton | Various e-mails | 0.70 |
| 6/28/05 | Hamilton | Prepare correspondence | 0.40 |
| 7/8/05 | Hamilton | Various e-mails | 0.50 |
| 8/26/05 | Hamilton | Various e-mails | 0.30 |
| 8/28/05 | Hamilton | Various e-mails | 0.30 |
| 8/29/05 | Hamilton | Various e-mails | 0.60 |
| 9/6/05 | Hamilton | Various e-mails | 0.60 |
| 9/8/05 | Hamilton | Numerous e-mails | 0.70 |
| 9/12/05 | Hamilton | Various e-mails | 0.40 |
| 9/13/05 | Hamilton | Various e-mails | 0.40 |
| 9/14/05 | Hamilton | Various e-mails | 0.80 |
| 9/19/05 | Hamilton | Various e-mails | 0.60 |
| 9/20/05 | Hamilton | Various e-mails | 0.80 |
| 9/21/05 | Hamilton | Various e-mails | 0.90 |
| 9/27/05 | Hamilton | Various e-mails | 0.40 |
| 10/6/05 | Hamilton | Various e-mails | 0.40 |

| 3/1/06 | Hamilton | Review file and prepare for "Lessons Learned" conference[2] | 1.40 |
|---|---|---|---|
| 3/1/06 | Price | Prepare "lessons learned" | 0.60 |
| 3/2/06 | Hamilton | Final preparation for "Lessons Learned" meeting | 0.30 |
| 6/17/06 | Hamilton | E-mail exchange | 0.10 |
| 6/21/06 | Hamilton | Various e-mails | 0.40 |
| 6/23/06 | Hamilton | Various e-mails | 0.50 |
| 6/27/06 | Hamilton | Various e-mails | 0.50 |
| 6/28/06 | Hamilton | Review and respond to e-mail | 0.10 |
| **TOTAL** | Hamilton | | 37.50 |
| | Price | | 0.60 |

The complete time sheets, doc. nos. 101-2; 101-3, as compared with the time sought in the motion for assessment of attorneys' fees, reflect that Hamilton has already voluntarily cut his time by more than 90 hours and cut Price's time by more than 55 hours. Therefore, the voluntary reduction in time has been sufficient to address these insufficient time entries.

Roman spent 1.50 hours on "file organization," which would normally be purely clerical or administrative work not properly included within a request for attorneys' fees. Doc. No. 101-2 at 2, 4 (6/29/04 and 7/19/04 time entries). *See, e.g.*, *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Comparison of the complete time sheets and the motion reflect that the defendants

---

[2] It appears that this was an internal Morgan Lewis conference rather than a conference conducted in the course of the litigation.

did not voluntarily adjust Roman's time.  Therefore, I recommend that Roman's time be reduced by 1.50 hours to account for this clerical/administrative work.

        2.      <u>Excessive and Duplicative Time Entries</u>.

Kolczynski challenges time worked by Price preparing for tasks Price did not perform, such as taking depositions and preparing documents signed and filed by Hamilton.  She also contends that Price billed for time that is duplicative of time spent on the same task by Hamilton.

The first group of objections in this category pertains to 1 hour worked by Price on October 18 and 19, 2004, to "[a]ssist in preparations for upcoming deposition of Plaintiff" and "[r]eview background materials, chronology, interview notes, and key documents."  Doc. No. 103-2 at 11.  On October 30 and 31 and November 1, 2004, Hamilton spent more than 13 hours preparing for the plaintiff's deposition.  *Id.* at 12.  It is not unreasonable to have an associate assist in preparing the lead attorney on the case to depose a key witness, such as the plaintiff.  Accordingly, I conclude that Price's work helping Hamilton prepare to depose Kolczynski was not duplicative.

Kolczynski also argues that it was unreasonable for Hamilton and Price to spend more than 13 hours preparing for a deposition that lasted less than 6 hours.  Doc. No. 103 at 4.  In my experience, thorough preparation is part of the reason that an experienced attorney can complete a deposition in less than the seven hours permitted by the rules.  I do not find the time spent preparing for the deposition of the plaintiff to be unreasonable.

Kolczynski makes a sweeping objection to overbilling based on the number of people who worked on the file.  *Id.* at 5.  Hamilton anticipated this objection and addressed it by cutting the number of hours for which defendants seek reimbursement from 1,543.40 to 1,084.70 hours and by choosing not to seek reimbursement for any of the time worked some various individuals.  I find that

this accommodation is a sufficient exercise of billing judgment to address Kolczynski's general objection.

        3.    <u>Maintenance of Case Databases</u>.

Kolczynski also objects to time spent maintaining databases of information. *See* Doc. No. 103 at 6. The defendants do not seek compensation for any of this time, however. Accordingly, this objection is not well taken.

    C.    *Lodestar Attorneys' Fees*.

Based on the foregoing analysis, the lodestar attorneys' fee for work performed on behalf of the defendants would be as follows:

|  | **HOURLY RATE** | **TOTAL HOURS WORKED** | **LODESTAR FEE** |
|---|---|---|---|
| **Partner** | | | |
| Hamilton, W.R. | $370.00 | 498.80 | $184,556.00 |
| **Associates** | | | |
| Hoffman, L.R. | $125.00 | 36.60 | $4,575.00 |
| Leichter, J.M. | $125.00 | 33.00 | $4,125.00 |
| Price, J.L. | $125.00 | 247.50 | $30,937.50 |
| Sarelson, M.S. | $125.00 | 47.10 | $5,887.50 |
| **Paralegals** | | | |
| Cantwell, C.M. | $75.00 | 47.60 | $3,570.00 |
| Hernandez, R.C. | $75.00 | 95.10 | $7,132.50 |
| Roman, W. | $75.00 | 59.60 | $4,470.00 |
| Stewart, A.K. | $75.00 | 4.60 | $345.00 |

| | | | |
|---|---|---|---|
| **Summer Associate** | | | |
| Walker, C. | $85.00 | 13.30 | $1,130.50 |
| **TOTAL** | | **1,083.20** | **$246,729.00** |

Kolczynski asks that the Court reduce the lodestar attorneys' fee to $25,000, but she provides no law supporting her contention that such an adjustment is appropriate. Considering all of the *Norman* and *Johnson* factors, and being otherwise familiar with the governing law and the facts and procedural history of the case, there appears to be no basis for a downward adjustment of the lodestar fee. Accordingly, I recommend that the Court award the defendants attorneys' fees in the amount of $246,729.00.

**IV.    RECOMMENDATION.**

For the reasons set forth in the foregoing report, I respectfully recommend that Defendants' Verified Motion for Assessment of Attorneys' Fees (Doc. No. 97) be **GRANTED** in part and that the Court award the defendants attorneys' fees in the amount of $246,729.00.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 20, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy